UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGS NISSAN, INC., | Docket No. CV-13-1085 (WFK)(JO) |
| Plaintiff, | |
| -against- | AMENDED COMPLAINT |
| | JURY TRIAL DEMANDED |
| KINGS AUTOSHOW, INC., and KINGS AUTOSHOW II, INC, | |
| Defendants. | |

Plaintiff, KINGS NISSAN, INC. (hereinafter "Plaintiff" and/or "Kings Nissan"), by its attorneys, TUTUNJIAN & BITETTO, P.C., as and for its complaint against Defendants KINGS AUTOSHOW, INC. (hereinafter "KAS") and KINGS AUTOSHOW II (hereinafter "KAS2") (collectively "Defendants") alleges on knowledge as to Plaintiff and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1.     This is an action for Trademark Infringement, False Designation of Origin, Cyberpiracy, and Unfair Competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and related claims under New York statutory and common law.

2.     As alleged in detail below, Defendants have engaged and are continuing to engage in a conscious, intentional, and systematic pattern of trademark infringement, dilution, and unfair competition, to the damage of Plaintiff and to the confusion of the public.

## JURISDICTION AND VENUE

3.     This court has jurisdiction over the Lanham act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4.      Plaintiff's claims arising under New York State statutory and common law relate directly to Plaintiff's substantial claims under federal trademark law and arise from the same nucleus of facts as Plaintiff's federal trademark claims.

5.      The court has jurisdiction as to these claims under 28 U.S.C. § 1338(b), as well as supplemental jurisdiction under 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as the claims arose in this District and as Defendants are doing business and reside in this district.

## THE PARTIES

7.      Plaintiff is a New York Corporation with a principle place of business at 2758 Coney Island Avenue, Brooklyn, NY 11235.

8.      Defendant KINGS AUTOSHOW, INC. is, upon information and belief, a New York Corporation with a principle place of business at 5815 Church Ave., Brooklyn, NY 11203 and was organized on November 24, 2000.

9.      Defendant KINGS AUTOSHOW II, INC. is, upon information and belief, a New York Corporation with a principle place of business at 5906 Church Ave., Brooklyn, NY 11203 and was organized on May 6, 2004.

## PLAINTIFF'S TRADEMARK AND BUSINESS

10.      Enrico Trantino, President of Plaintiff, has made an affidavit setting forth facts pertaining to the present matter, attached hereto as Exhibit A.

11.      Plaintiff is in the business of providing services relating to the sale and maintenance of automobiles under the mark, "Kings".

12.      Plaintiff, their predecessors in interest, and licensees have been using the "Kings" mark conspicuously and continuously with respect to the goods and services it provides (i.e.,

automobile sales) in a way that has created a public association between the mark and its associated services at least since 1970.

13.     Plaintiff is the owner of a pending Federal Trademark application with the United States Patent and Trademark Office, serial number 85/818,063.

14.     Plaintiff is also the owner of the following relevant New York State service mark registration S22688, dated 9/27/2013 for "New and Used Car Dealerships, Car Parts and Service and Auto Body repairs." A copy of the registration and certificate are attached hereto as Exhibit B.

15.     Plaintiff has expended, and continues to expend, significant resources in developing the good will and customer recognition of its mark.

16.     The name and mark, "Kings", and variants thereof, have been extensively and continually advertised and promoted by Plaintiff within the United States.

17.     Plaintiff's "Kings" mark has appeared in magazines, papers, mailings, billboards, the Internet, and by other means of advertising in interstate commerce. A small sample of such use is attached hereto as Exhibit C.

18.     During the period of use, Plaintiff has sold a substantial quantity of goods in interstate commerce under the mark "Kings".

19.     Through widespread and favorable public acceptance and recognition, this mark enjoys tremendous goodwill and has become an asset of substantial value as a symbol of Plaintiff's services.

## **DEFENDANTS' INFRINGING ACTS**

20.     Upon information and belief, Defendants engage in the business of selling cars at their locations of 5815 Church Ave., Brooklyn, NY 11203 and 5906 Church Ave., Brooklyn, NY 11203.

21.     Defendants' principle places of business are roughly five miles from Plaintiff's principle place of business.

22.     Upon information and belief, Defendants were aware of Plaintiff's use of the mark "Kings" prior to assuming the same name.

23.     Defendants have created the website kingsautoshow.com and, throughout their website, conspicuously advertise services not rendered by, or affiliated with, the Plaintiff. Both Defendants use the same website. See Exhibit D (kingsautoshow.com screen capture).

24.     Notwithstanding Plaintiff's well-known and prior established right to the use of the mark "Kings", upon information and belief, Defendants adopted the name "Kings Auto Show" and commenced the sale of automobiles in connection with the "Kings" service mark.

25.     Defendant KAS has signage at their principal place of business that prominently displays the term "KINGS". See Exhibit E (KAS storefront).

26.     Defendant KAS II has signage at their principal place of business that prominently displays the term "KINGS". See Exhibit F (KAS2 storefront).

27.     The Defendants are located within eyesight of one another, have nearly identical names, nearly identical signage, and use the same website. It is believed that the Defendants are effectively a single entity.

28.     Upon information and belief, the term "KINGS" also prominently on Defendants' promotional advertising, Internet presence, and signage, as well as on Defendants' corporate

documents, literature, letterhead, and other mediums of public dissemination. See Exhibit G
(Kings Auto Show Facebook and Twitter pages).

29.     In selecting and using the mark "Kings" as a service mark in connection with their
business, Defendants have acted with the purpose of taking the benefit of the favorable
reputation and valuable good will which Plaintiff has established in its mark.

30.     Plaintiffs have received complaints and questions from consumers showing actual
confusion between Plaintiff and Defendants.

31.     Realizing that Defendants were trading on Plaintiff's name and damaging its reputation
as well as the source-association of its brand, Plaintiff instructed its attorneys to formally
demand that Defendants cease and desist all of their unlawful activity.

32.     By a letter dated 11/9/12 and addressed to Kings Auto Show, Inc. at Defendants'
principle place of business, Plaintiff's attorneys notified Defendants that the use of an identical
name for the purpose of marketing and promoting Defendants' business infringed upon
Plaintiff's rights and demanded that Defendants cease and desist from their infringing conduct. A
copy of the letter is attached hereto as Exhibit H.

33.     Because Defendants are, in fact, the same entity, this letter provided effective notice to
both Defendants.

34.     Defendants have neither ceased nor desisted their infringing conduct.

35.     Defendants' refusal to cease their willful infringement leaves Plaintiff with no choice but
to bring this action.

### COUNT I: 15 U.S.C. § 1125(a)
### False Designation of Origin under the Lanham Act

36.     Paragraphs 1 through 35 are incorporated by reference herein.

37.     Upon information and belief, Defendants had actual knowledge of the Plaintiff, its services, and reputation prior to assuming the name "Kings Autoshow".

38.     Subsequent to Plaintiff's first use of its distinctive mark in the United States, and subsequent to Plaintiff's acquisition of secondary meaning in its mark, Defendant adopted and began to use a mark that is substantially identical and thus confusingly similar to Plaintiff's mark.

39.     Defendants are not, and have never been, authorized or licensed by Plaintiff, nor have they ever received permission from Plaintiff to use the "Kings" mark.

40.     The infringement by Defendants has been willful and deliberate, designed specifically to trade upon the goodwill associated with Plaintiff's mark.

41.     Upon information and belief, Plaintiff's and Defendants' services are similar and operate through similar channels of trade to similar classes of consumers.

42.     Defendants actions are likely to cause confusion, to cause mistake, and to deceive consumers and others as to the source, nature, and quality of the goods and/or services offered by Defendants.

43.     To the extent that consumers, already familiar with Plaintiff's "Kings" mark, encounter Defendants using the mark, such consumers are likely to falsely believe that Plaintiff is the source of Defendants' services and/or goods, or that Defendants' services and/or goods are sponsored or endorsed by, or otherwise affiliated with Plaintiff.

44.     To the extent that customers or prospective customers become familiar with Defendants' use of the infringing mark first and then later encounter Plaintiff's use of its mark, such consumers are likely to suffer reverse confusion, falsely believing that Defendants are the source

of Plaintiff's services and goods, that Plaintiff's services are sponsored or endorsed by or otherwise affiliated with Defendants or, even worse, that Plaintiff is a junior user and infringer.

45.     Plaintiff has no control over the nature and quality of services provided by Defendants. Any failure, neglect, or default by Defendants in providing such services will reflect adversely on Plaintiff as the believed origin thereof, hampering efforts by Plaintiff to continue to protect its reputation.

46.     Upon information and belief, in addition to the obvious likelihood of confusion created by Defendants' infringing acts, those acts have caused constant and numerous instances of actual consumer confusion.

47.     The goodwill of Plaintiff's business under its "Kings" mark is of enormous value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

48.     Upon information and belief, the infringement by Defendants has been willful and deliberate and will continue unless enjoined by this court.

49.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants. The full scope of damages are nearly impossible to determine as Defendants are selling automobiles using the Plaintiff's mark to unknown third parties.

50.     Plaintiff seeks a permanent injunction against Defendants, as well as other remedies available under the Lanham Act including, but not limited to, compensatory damages; treble damages; disgorgement of profits, costs, and reasonable attorney's fees.

## COUNT II: 15 U.S.C. § 1125(a)
### Federal Unfair Competition under the Lanham Act

51.     Paragraphs 1 through 50 are incorporated by reference herein.

52.     Defendants' actions constitute unfair competition under 15 U.S.C. § 1125(a), by passing off its use of "Kings" for that of Plaintiff in a manner that is false, misleading, and that misrepresents the nature, characteristics, and quality of Defendants' services.

53.     As a direct and proximate result of Defendants' above-described actions, Plaintiff has suffered and will continue to suffer damages in an amount unknown and to be ascertained at the time of trial.

## COUNT III: 15 U.S.C. § 1125(d)
### Cyberpiracy under the Lanham Act

54.     Paragraphs 1 through 53 are incorporated by reference herein.

55.     Defendants registered the domain name kingsautoshow.com for use in connection with a web site in bad faith and with an intent to profit from use of the mark.

56.     The Defendants, through said website, conspicuously advertise for car sales not rendered by or affiliated with the Plaintiff. A screen capture of Defendants' website is attached hereto as Exhibit D.

57.     Defendants' domain name is identical to Plaintiff's in its use of the dominant term "Kings" and is confusingly similar in overall commercial impression, to Plaintiff's distinctive domain name, kingsnissan.com.

58.     Defendants' use of the kingsautoshow.com domain name has harmed the goodwill of Plaintiff's "Kings" mark for Defendants' gain and creates a likelihood of confusion as to the source, sponsorship, affiliation, and endorsement of Defendants' website.

## COUNT IV:
### Common Law Unfair Competition

59.     Paragraphs 1 through 58 are incorporated by reference herein.

8

60.     The above-described acts constitute unfair competition under the common law of the State of New York.

61.     As a result of Defendants' unfair competition, Plaintiff has been damaged in an amount to be ascertained at trail and, unless Defendants' conduct is preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm.

## COUNT V: NY GBL § 360-k
### Infringement of New York Registered Marks

62.     Paragraphs 1 through 61 are incorporated by reference herein.

63.     This count arises under § 360-k of the New York General Business Law.

64.     As more fully set out in paragraph 14 of this Complaint, Plaintiff is the owner of the New York State registration S22688 for the service mark, "Kings".

65.     The above-mentioned registration is valid and subsisting and remains in full force and effect as evidence of the validity of the registration and of Plaintiff's exclusive right to own and use the mark.

66.     Defendants, by their knowing and willful use of the name "Kings" in connection with their business in New York State, are infringing and intend to continue to infringe Plaintiff's New York State registration in violation of Plaintiff's rights, to the irreparable injury of Plaintiff.

## COUNT VI:
### Common Law Trademark and Service Mark Infringement

67.     Paragraphs 1 through 66 are incorporated by reference herein.

68.     The Defendants' above-described conduct is a violation and infringement of Plaintiff's rights to the mark and name "Kings" at common law.

69.     Plaintiff has been damaged by Defendants' acts, Defendants have profited thereby, and unless said acts are preliminarily and permanently enjoined, Plaintiff and its reputation will

suffer immediate, substantial, and irreparable injury that cannot be adequately calculated and compensated in money damages, due to the fact that Defendants are providing their services to unknown third parties.

## COUNT VII: NY GBL § 360-l
### Injury to Reputation and Dilution of Trade Name and Mark

70.     Paragraphs 1 through 69 are incorporated by reference herein.

71.     This count arises under § 360-l of the New York General Business Law.

72.     Defendants' use of the name and mark "Kings" in connection with their business has injured and will continue to cause injury to plaintiff's business reputation and to dilute the distinctive quality of the name and mark "Kings", all to Plaintiff's irreparable injury, unless enjoined by this court.

## COUNT VIII: NY GBL § 360-l
### Injury to Reputation and Dilution of Trade Name and Mark

73.     Paragraphs 1 through 72 are incorporated by reference herein.

74.     Defendants' actions are false and misleading and constitute deceptive trade practices in violation of New York General Business Law § 133.

75.     By reason of the foregoing, Plaintiff has been irreparably harmed and damaged in amount to be determined and is entitled to the remedies provided for in New York General Business Law § 133.

## COUNT IV:
### Unjust Enrichment

76.     Paragraphs 1 through 75 are incorporated by reference herein.

77.     Defendants benefitted from the use of Plaintiff's mark.

78.     Defendants have not given Plaintiff consideration for their use of the mark and, indeed, such use has caused injury to Plaintiff.

79.   As a result, Defendants have been unjustly enriched, such that equity and good conscience require Defendants to make restitution in quantum meruit.

80.   Plaintiff has been damaged by Defendants' use of the mark, "Kings", in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That Defendants, their officers, agents, servants, affiliates, employees, attorneys and representatives, and all those in privity or acting in concert with Defendants, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    a.  Using the word "Kings" as part of Defendants' name or in connection with their business, either alone or in conjunction with other words, or any similar name or variation thereof, including any advertisements, signs, clothing, written matter serving to identify Defendants' business, products, or services, and from using any name or word which may be interpreted to cause Plaintiff to be identified as being in some way associated with Defendants' business;

    b.  Holding themselves out as the owners of, or otherwise authorized users of the name and mark "Kings;"

    c.  Performing any actions using any words, names, styles, titles, or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendants are in any way connected, or that Plaintiff is a sponsor of the Defendants, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services of Defendants originate with Plaintiff or are

conducted or offered with the approval, consent, or authorization of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendants with Plaintiff;

    d.   Using any words, names, styles, titles, or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's name and mark, "Kings," and the goodwill associated therewith;

    e.   Using any trade practices whatsoever including hose complained of herein, which tend to unfairly compete with or injure Plaintiff; and

    f.   Otherwise infringing on Plaintiff's trademark rights described in this complaint and otherwise unfairly competing with Plaintiff in the United States or elsewhere in the world, in any manner whatsoever;

2. That Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts herein complained of and that such damages be trebled because of the willful acts described herein in disregard of Plaintiff's known rights;

3. That Defendants be required to account for and pay over to Plaintiff all gains, profits, and advantages derived by them from the activities herein complained of;

4. That Defendants be required to pay to Plaintiff all of the litigation expenses, including reasonable attorneys' fees and the cost of this action;

5. For an award of Plaintiff's costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

6.  That Defendants be required to deliver up or destroy all products, labels, packages, wrappers, bill heads, literature, advertising materials, and any other items incorporating or bearing a representation of the "Kings" trademark or any facsimile of them.;

7.  That Defendants be required to file with the Court, and serve on Plaintiff 30 days after injunction, a report made under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction; and

8.  That Plaintiff have such other and further relief as the Court may deem just and proper.

This the 17th day of March, 2014.

_Ed Ryan_

Edward P. Ryan
Tutunjian & Bitetto, P.C.
Attorneys for Plaintiffs
425 Broadhollow Rd., Suite 302
Melville, NY 11747
(631) 844-0080
edr@tb-iplaw.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.: CV-13-1085 (WFK) (JO)

KINGS NISSAN, INC.,

                    Plaintiff,

-against-

KINGS AUTOSHOW, INC., and
KINGS AUTOSHOW II, INC.

                    Defendant.

## <u>DECLARATION OF ENRICO TRANTINO</u>

I, Enrico Trantino, hereby declare as follows:

1.      I am Executive Manager of the Plaintiff, Kings Nissan, Inc. The statements made herein are based upon my personal knowledge of the facts and circumstances surrounding this action, as well as the documents, records, and information that are available to me.

2.      In 1963, my father, Salvatore Trantino, became part owner of Marathon Renault, an auto dealership in Brooklyn, NY, that has been in business since 1958. The name of Marathon Renault changed to Kings Datsun in 1970 and has since changed to Kings Nissan.

3.      Though hard work and dedication, my father made Kings Nissan into one of the most successful auto dealerships in the state of New York, receiving numerous awards for outstanding sales and service.

4.      Kings Nissan has a strong reputation in the community, with repeat customers spanning generations.

5.      Kings Nissan maintains an internet presence and advertises in periodicals, such as the New York Times, that have interstate distribution.

1

6.    Because of the high quality of service we provide, and because of our marketing efforts, the Kings name carries substantial goodwill and has an excellent reputation.

7.    To protect the investment made in the Kings name over decades, Kings Nissan, Inc. has filed for trademark protection, both in New York State and at the Federal level.

8.    In the past year, I have received complaints from customers regarding cars purchased or leased from the Defendants' dealerships, which are using the name Kings without permission.

9.    By selling goods of inferior quality and with inferior service, the Defendants' dealerships cause damage to the reputation and goodwill attached to the Kings name, they dilute the trademark, and they seek to profit from the decades of excellence invested in the Kings mark.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 17 , 2014

Respectfully submitted


Enrico Trantino, Executive Manager
Kings Nissan, Inc.


Tutunjian & Bitetto, P.C.
*Attorneys for Plaintiffs*
425 Broadhollow Rd., Suite 302
Melville, NY 11747
Tel. (631) 844-0080

# EXHIBIT B

# *New York State Department of State*
# *Certificate of Service Mark Registration*

*I, Anthony Giardina, Executive Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| *Registration Number:* | S22688 | *Registration Date:* | 9/27/2013 |
| *Applicant:* | **KINGS NISSAN, INC.** | | |
| | *2758 CONEY ISLAND AVE* | | |
| | *BROOKLYN* | *NY    11223-* | |
| *State of Incorporation or Partnership Organization:* | *NEW YORK* | | |
| *Class Numbers:* | *35* | | |
| *Date First Used in NYS:* | *05/26/1970* | *Date First Used Anywhere:* | *05/26/1970* |

*Service Mark Description:*
*KINGS*

*Description of Services:*        *New and Used Car Dealerships, Car Parts and Service and Auto Body Repairs*

*WITNESS my hand and the seal of the State of New York in the City of Albany on this:*

*Wednesday, October 02, 2013*

*by:*

*Executive Deputy Secretary of State*

*DOS-690 (Rev. 8/13)*



# KINGS AUTO GROUP

## KINGS VOLKSWAGEN
718-645-3550
Sales: 2448 Coney Island Avenue
Service: 100 Neptune Avenue • Brooklyn, NY 11223
KingsVolkswagen.com

## KINGS NISSAN
2758 Coney Island Ave.
Brooklyn, NY 11235
718-934-3300
KingsNissan.com

## KINGS INFINITI
20 Neptune Ave., Brooklyn, NY 11235
718-646-3331
KingsInfiniti.com



# EXHIBIT D



Brooklyn dealer Kings Auto Show is proud to serve the Brooklyn sales and service customers

# KINGS AUTO SHOW

5815 Church Ave. Brooklyn, New York 11203
888.519.0483

Specials | Inventory | Finance | Live Chat | Directions | Contact

## Try Our New FREE Service,

courtesy of the largest pre-owned vehicle dealership in Brooklyn

### Personal Assistant

Our Service extends to the the over 500 Vehicles we have readily available

*click for more details*

Who says you can't get presents after Xmas?.....
Let King's Auto Show be your Secret Santa into 2013 with exclusive deals

2013!

# EXHIBIT E



# EXHIBIT F



# EXHIBIT G





# EXHIBIT H

*Tutunjian & Bitetto, P.C.*

PATENTS, TRADEMARKS AND COPYRIGHTS

JOHN G. TUTUNJIAN
JAMES J. BITETTO
GASPARE J. RANDAZZO

SUSAN PAIK
DAVID ZIVAN
EDWARD P. RYAN
RICHARD CHENG

*425 Broadhollow Road, Suite 302*
*Melville, NY 11747*

*Tel: (631) 844-0080*
*Fax: (631) 844-0081*
*info@tb-iplaw.com*

November 9, 2012

**By Express Mail**

Kings Auto Show, Inc.
5815 Church Ave.
Brooklyn, NY 11203

Re:    **NOTICE OF TRADEMARK INFRINGEMENT - CEASE AND DESIST**
       Mark: KINGS
       <u>Our File: 653-2</u>

Dear Sirs:

This firm represents Kings Nissan, Inc. of Brooklyn, NY (hereinafter referred to as Kings Nissan) in various legal matters including Intellectual Property matters such as Trademark Law and Unfair Competition. Kings Nissan has been in the business of new and used car sales as well as car parts, service, and repairs under the registered service mark KINGS for the last fifty-four (54) years.

Kings Nissan is also the owner of New York State Service Mark Registration No. S22328 for the mark KINGS. This mark was registered by the New York State Department of State on September 20, 2012. A copy of the New York State Service Mark Registration is enclosed.

Kings Nissan has been using their mark conspicuously and continuously with respect to the above services (e.g., car sales and service) in a way that has created a public association between the mark and its associated services at least since 1958. In addition, Kings Nissan has expended, and continues to expend, significant resources in developing the good will and customer recognition of its trademark and associated marketing campaigns, as well as promoting and advertising the KINGS trademark in press releases, advertisements, magazines, brochures, and on the Internet. As such, Kings Nissan possesses enforceable trademark rights under State and common laws.

Your use of the mark KINGS in physical signage in at least your Brooklyn and Ridgewood locations, as shown in the attached examples, is confusingly similar to Kings Nissan's "KINGS" mark. Furthermore, your use of the domains "KINGSAUTOSHOW.COM", "KINGZAUTOSHOW.COM," and "KINGSAUTOSHOW3.COM," as shown in the attached examples, is confusingly similar to the KINGS mark. Additionally, your use of the "KingsAuto" Twitter account and the "Kings-Auto-Show" Facebook account is confusingly similar to the KINGS mark. As such, your use of the same constitutes trademark infringement.

Kings Chrysler Dodge Jeep Ram, Inc.
Page 2
November 8, 2012

Kings Nissan has neither authorized nor approved such uses of the mark in question: the adoption and use of same constitutes state common law infringement and unfair competition [N.Y. General Business Law §360-k].

As you may know, trademark infringement stems from an unauthorized use of identical and/or similar marks which is likely to cause confusion, or to cause mistake or to deceive the public as to the affiliation, connection, or association of the infringing services with those offered by Kings Nissan and services sold under the mark KINGS, or which calls into question the origin, sponsorship, or approval of the infringing goods.

In this instance, you have used the mark KINGS in direct competition with our client in the state of New York for the same goods and services. Thus, your continued use of the mark in physical advertising, social media, and through the domains KINGSAUTOSHOW.COM, KINGZAUTOSHOW.COM, and KINGSAUTOSHOW3.com and accompanying websites rises to trademark infringement.

Under the trademark laws, one who violates the rights of a trademark owner is, among other things, liable for damages suffered by the trademark owner and is liable for profits realized by the infringer. [N.Y. General Business Law §360-m].

**Therefore, we demand that you immediately cease and desist from your use of the domains KINGSAUTOSHOW.COM, KINGZAUTOSHOW.COM, and KINGSAUTOSHOW3.COM, that you cease and desist from any online advertising and social media using the mark KINGS, that you remove any physical signage and promotional materials, and that you cease and desist use of any other similarly confusing mark or domain in connection with providing new and used car sales and service.**

You are requested to respond to these demands, in writing, within ten [10] days of receipt of this letter to provide assurances that your organization has ceased using the mark. If we do not hear from you within the allotted time limit, our client reserves all rights to bring an action, in the forum of its choice for, among other things, trademark infringement and/or unfair competition seeking equitable relief, monetary damages and any other remedy to the fullest extent permitted by law.

The foregoing shall not be deemed a waiver of any claim at law or in equity, which our client may have against you or any other party with respect to this matter. We look forward to your prompt response and cooperation.

Sincerely,
TUTUNJIAN & BITETTO, P.C.

John G. Tutunjian

JGT/EPR
Enclosures
cc: Kings Nissan, Inc.

# *New York State Department of State*
# *Certificate of Service Mark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Service Mark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | | |
|---|---|---|---|---|
| *Registration Number:* | *S22328* | *Registration Date:* | | *09/20/12* |
| *Applicant:* | *KINGS NISSAN, INC.* | | | |
| | *2758 CONEY ISLAND AVENUE* | | | |
| | *BROOKLYN* | *NY* | *11223-* | |
| *State of Incorporation or Partnership Organization:* | *NEW YORK* | | | |
| *Class Numbers:* | *35* | | | |
| *Date First Used in NYS:* | *07/07/1958* | *Date First Used Anywhere:* | *07/07/1958* | |

*Service Mark Description:*
*KINGS*

*Description of Services:*      *New and Used Car Dealerships, Car Parts and Service and Auto Body repairs*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Friday, November 02, 2012*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*



**KINGS AUTO SHOW**
5815 Church Ave. Brooklyn, New York 11203
888.519.0483

Specials | Inventory | Finance | Live Chat | Directions | Contact

Inventory Specials Cars Under $10,000 Cars $10,000-$20,000 Cars Over $20,000

Acura Audi BMW Cadillac Chevrolet Chrysler Dodge Ford Honda HUMMER Hyundai More....

Infiniti Jaguar Jeep Kia Land Rover Lexus Lincoln Mazda Mercedes-Benz Mercury MINI More....

Mitsubishi Nissan Pontiac Porsche Saab Scion Subaru Suzuki Toyota Volkswagen Volvo

Instant Approval Speak with a Finance Officer Contact Us

Chat Live Now

General Directions Step By Step

Contact Us Chat Live Now

Home

November 9, 2012

# Try Our New FREE Service,

## courtesy of the largest pre-owned vehicle dealership in Brooklyn



**Personal Assistant**
Our Service extends to the the over 500 Vehicles we have readily available

### The Ultimate Driving Companion

*What Is Kings Auto Show Personal Assistant?*

Kings Auto Show Personal Assistance gives you access to an entire team of professional personal assistants! You receive instant and easy access to whatever information you need. From simple tasks such as weather, phone numbers and making reservations to driving directions and traffic conditions, we do it all! Once registered, simply call our toll free number from your cell phone, and you will be personally greeted by your own Kings Auto Show personal assistant.

*GET INSTANT AND EASY ACCESS TO WHATEVER YOU NEED:*

- Directory Assistance
- Weather Forecasts
- Dining Suggestions
- Dining Reservations
- City Guides
- Driving Directions
- Movie Times/ Reviews
- Price Comparisons

- Online Purchasing
- Consumer Product Reviews
- Travel Arrangements
- General Trivia
- Schedule Reminders
- Sport Scores/Stats
- Stock Market Information
- Emergency Assistance

*...and Anything Else You Can Imagine!*

*HOW DO I GET PERSONAL ASSISTANCE?*

When you purchase a vehicle from Kings Auto Show, you will receive an immediate text message and/or email welcoming you to the personal assistance service. Your welcome message will give you the toll free number to dial. Simply dial our toll free number at anytime from the phone number you registered. You will be greeted by name and your requests will be taken care of by your team of personal assistants

*What do
I get?*

You will receive 360 minutes of Kings Auto Show Personal Assistance for an entire year with your vehicle purchase. You can then call and get Anything, Anytime, Anywhere!

*How can
I get more?*

You may upgrade your service to 2 full years for only $299.00 at the time of purchase.

*How about
my friends
and family?*

You may purchase additional companion plans for anyone you choose for only $299.00 per year. Giving access to our team of professional personal assistants to your friends and family members is the perfect gift.

**Always There**
*Anything • Anytime • Anywhere*



 Personal Assistant 



# The Credit KINGS of Brooklyn Are Now in QUEENS!

Over 100,000 satisfied customers have trusted the Kings Auto Show family to get them the best deal on their auto loan. Kings Auto Show is happy to announce the grand opening of Kings Auto Show 3 in Ridgewood, NY! Our expert team of finance officers and lending institutions is proud to start serving the Queens community. Even if you've been turned down before, we guarantee approval! Come in today and we'll get you on the road!

## Vehicle

Acura
Audi
BMW
Cadillac
Chevrolet
Chrysler
Dodge
Ford
Honda
Hyundai
Infiniti
Jaguar
Jeep
Kia
Lexus
Lincoln
Mazda
Mercedes-Benz
Mercury
MINI



## YOU WORK,
## YOU DRIVE!

That's all it takes—if you've got a job, we'll get you driving! Good credit, bad credit, no credit, first time buyers; you're all approved! We've got over a dozen lending institutions waiting to give you the money you need for the car of your dreams. So don't wait! Call today for your free credit check and appointment!



2005 Volkswagen New GTI

2005 Cadillac SRX

2005 H

Specials



# Kings Auto Show

@KingsAuto

www.kingsautoshow.com

Brooklyn, NY 11203

**Follow**

664

1,967

531

Tweet to Kings Auto Show

Tweets

Following

Followers

Favorites

Lists

Similar to Kings Auto Show

**Mutual of Omaha**
Follow

**Portland Auto Show**
Follow

**OC Auto Show**
Follow

## Tweets

**Kings Auto Show**
Winter Car Care Tip. Think about switching to snow tires. Do you live in a hilly place that gets its fair share...

**Kings Auto Show**
Fill in the Blank: I had to wait _____ in a line for gas.

**Kings Auto Show**
Hey fellas! Are any of you growing out your gruff for Novembeard?

**Kings Auto Show**
No matter who you are supporting this election, we encourage you all to get out there and vote! Don't know where...

**Kings Auto Show**

**Kings Auto Show**

**Kings Auto Show**

