DANIEL P. BURKE
DANIEL P. BURKE & ASSOCIATES, PLLC
240 Townsend Square
Oyster Bay, NY 11771
TEL: 516-802-0560
FAX: 516-802-0562
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Kings Nissan, Inc.

                    Plaintiff,                    Civil Action No.: 13-01085
          v.                                       (WFK)(JO)

Kings Autoshow, Inc. and
Kings Autoshow II, Inc.

                    Defendants.

DEFENDANTS, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC.'S
ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant, KINGS AUTOSHOW, INC. and Defendant, KINGS AUTOSHOW II,

Inc., by and through their attorneys, DANIEL P. BURKE & ASSOCIATES, PLLC

respond to the allegations in the COMPLAINT of Plaintiff, KINGS NISSAN, INC.,

allege and state the following:

NATURE OF THE ACTION

1. The allegations contained in paragraph 1 of the Complaint are denied, except that

   KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. admit that

   KINGS NISSAN purports to bring this action on the grounds stated therein.

1

2. The allegations contained in this paragraph are denied.

## JURISDICTION AND VENUE

3. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. admit that this Court has jurisdiction.

4. The allegations contained in this paragraph are denied, except that KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, Inc. admit that the claims arising under New York State law and common law arise from the same nucleus of facts as the federal trademark claims.

5. Admitted that this Court has jurisdiction.

6. Admitted that venue is proper.

## THE PARTIES

7. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. deny knowledge or information sufficient to form a belief as to the truth of the allegations this paragraph, and therefore, deny such allegations leaving KINGS NISSAN to its proofs.

8. The allegations contained in this paragraph are admitted.  KINGS AUTOSHOW, INC. is on the corner of Kings Highway and Church Avenue, in Kings County, NY.

9. The allegations contained in this paragraph are admitted.  KINGS AUTOSHOW II, INC. is located one short block from Kings Highway in Kings County, NY.

2

## PLAINTIFF'S TRADEMARK AND BUSINESS

10. The allegations contained in this paragraph are denied, except that Defendants,
    KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., admit that there
    is an affidavit purportedly by Enrico Trantino attached as Exhibit A to the
    Complaint.

11. The allegations contained in this paragraph are denied.

12. The allegations contained in this paragraph are denied.

13. The allegations contained in this paragraph are admitted.

14. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. admit that
    KINGS NISSAN, INC. is the owner of New York State Service Mark Registration
    No. S22688, which has a registration date of September 27, 2013.

15. The allegations contained in this paragraph are denied.

16. The allegations contained in this paragraph are denied.

17. The allegations contained in this paragraph are denied.

18. The allegations contained in this paragraph are denied.

19. The allegations contained in this paragraph are denied.

## Defendants' Alleged Infringing Acts

20. The allegations contained in this paragraph are admitted.

21. The allegations contained in this paragraph are admitted if one takes Kings Highway and stays on Kings Highway for about four miles.

22. The allegations contained in this paragraph are denied.

23. The allegations contained in this paragraph are admitted.

24. The allegations contained in this paragraph are denied, except that Defendant, KINGS AUTOSHOW, INC. adopted the name "Kings Auto Show".

25. The allegations contained in this paragraph are denied, except that Defendant, KINGS AUTOSHOW, INC. has signage at its principal place of business that displays "Kings Auto Show".

26. The allegations contained in this paragraph are denied, except that Defendant, KINGS AUTOSHOW II, INC. has signage at its principal place of business that displays "Kings Auto Show II".

27. The allegations contained in this paragraph are denied, except that Defendants KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC, admit the first sentence of paragraph 27 of the Complaint as of the filing of the Complaint.

28. The allegations contained in this paragraph are denied.

29. The allegations contained in this paragraph are denied.

30. The allegations contained in this paragraph are denied.

31. The allegations contained in this paragraph are denied.

32. The allegations contained in this paragraph are denied, except that Defendant KING AUTOSHOW, INC. admits that a letter was sent on KING NISSAN's behalf to Defendant, KING AUTOSHOW, INC.

33. The allegations contained in this paragraph are denied.

34. The allegations contained in this paragraph are denied. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. have never infringed any rights of KINGS NISSAN, INC.

35. The allegations contained in this paragraph are denied.

<u>COUNT I: 15 U.S.C. § 1125(a)</u>
Alleged False Designation of Origin under the Lanham Act

36. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. hereby incorporate the responses of paragraphs 1-35 of this Answer by reference as if set forth fully herein.

37. The allegations contained in this paragraph are denied.

38. The allegations contained in this paragraph are denied.

39. The allegations contained in this paragraph are denied.

40. The allegations contained in this paragraph are denied.

41. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, deny such allegations leaving KINGS NISSAN to its proofs.

42. The allegations contained in this paragraph are denied.

5

43. The allegations contained in this paragraph are denied.

44. The allegations contained in this paragraph are denied.

45. The allegations contained in this paragraph are denied, except that Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. admit the first sentence of paragraph 45 of the Complaint.

46. The allegations contained in this paragraph are denied.

47. The allegations contained in this paragraph are denied.

48. The allegations contained in this paragraph are denied.

49. The allegations contained in this paragraph are denied.

50. The allegations contained in this paragraph are denied, except that Defendants KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. admit that Plaintiff, KINGS NISSAN is seeking the remedies stated in paragraph 50 of the Complaint.

## COUNT II: 15 U.S.C. §1125(a)
### Alleged Federal Unfair Competition under the Lanham Act

51. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-50 of this Answer by reference as if set forth fully herein.

52. The allegations contained in this paragraph are denied.

53. The allegations contained in this paragraph are denied.

Count III: 15 U.S.C. §1125(d)
Alleged Cyberpiracy under the Lanham Act

54. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-53 of this Answer by reference as if set forth fully herein.

55. The allegations contained in this paragraph are denied.

56. The allegations contained in this paragraph are admitted.

57. The allegations contained in this paragraph are denied.

58. The allegations contained in this paragraph are denied.

COUNT IV:
Alleged Common Law Unfair Competition

59. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-58 of this Answer by reference as if set forth fully herein.

60. The allegations contained in this paragraph are denied.

61. The allegations contained in this paragraph are denied.

COUNT V: NY GBL §360-k
Alleged Infringement of New York Registered Marks

62. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-61 of this Answer by reference as if set forth fully herein.

63. Admitted that Plaintiff, KINGS NISSAN purports this count to arise under §360-k of the New York General Business Law.

64. The allegations contained in this paragraph are admitted.

65. The allegations contained in this paragraph are denied.  Plaintiff, KINGS NISSAN obtained its New York State Service Mark Registration No. S22688 for KINGS through fraudulent representations to the New York State Department of State.

66. The allegations contained in this paragraph are denied.


<u>COUNT VI:</u>
Alleged Common Law Trademark and Service Mark Infringement

67. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-66 of this Answer by reference as if set forth fully herein.

68. The allegations contained in this paragraph are denied.

69. The allegations contained in this paragraph are denied.

<u>Count VII: NY GBL § 360-l</u>
Alleged Injury to Reputation and Dilution of Trade Name and Mark

70. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-69 of this Answer by reference as if set forth fully herein.

71. Admitted that Plaintiff, KINGS NISSAN purports this count to arise under §360-l of the New York General Business Law.

72. The allegations contained in this paragraph are denied.

<u>COUNT VIII: NY GBL § 360-l</u>
Alleged Injury to Reputation and Dilution of Trade Name and Mark

73. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-72 of this Answer by reference as if set forth fully herein.

74. The allegations contained in this paragraph are denied.

75. The allegations contained in this paragraph are denied.

<u>Count IV:</u>
Alleged Unjust Enrichment

76. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., hereby incorporate the responses of paragraphs 1-75 of this Answer by reference as if set forth fully herein.

77. The allegations contained in this paragraph are denied.

78. The allegations contained in this paragraph are denied.

79. The allegations contained in this paragraph are denied.

80. The allegations contained in this paragraph are denied.

<u>Answer to Prayer For Relief</u>

Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC., deny that Plaintiff, KINGS NISSAN is entitled to any relief requested against Defendants. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. request

9

that the Court dismiss all of KINGS NISSAN's claims with prejudice and that KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. be awarded all of their costs and disbursements of this action, including attorney fees and such other relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's mark is merely geographically descriptive and is thus incapable of legal protection under trademark or unfair competition law.

## FIFTH AFFIRMATIVE DEFENSE

Any rights Plaintiff may have had have been abandoned.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the fraud Plaintiff committed on the United States Patent and Trademark Office and/or the New York State Department of State.

## EIGHT AFFIRMATIVE DEFENSE

Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. have not infringed any KING NISSAN's trademark or service mark.

## COUNTERCLAIMS

Defendants/ Counterclaim Plaintiffs, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. by way of counterclaim against Plaintiff/Counterclaim Defendant, KINGS NISSAN, INC., state as follows:

11

### FIRST COUNTERCLAIM: NON-INFRINGEMENT

1. Pursuant to 28 U.S.C. §§ 2201 et. seq., Defendants/Counterclaim Plaintiffs KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. request the declaration of this Court that Defendants do not infringe and have not infringed any trademark or service mark of Plaintiff/Counterclaim Defendant, KINGS NISSAN, INC.

2. An actual controversy has arisen and now exists between Defendants/Counterclaim Plaintiffs and Plaintiff/Counterclaim Defendant as to the validity of KINGS NISSAN, INC.'s  New York State Service Mark Registration No. S22328 for "Kings", the validity of KINGS NISSAN, INC.'s Federal Trademark Application Serial No. 85/818,063 for "Kings", and whether KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. infringe any alleged trademarks of KINGS NISSAN, INC.

3. KINGS AUTOSHOW, INC. is a corporation of the State of New York having its principal place of business at 5815 Church Ave., Brooklyn, NY 11203 and was organized on November 24, 2000.

4. KINGS AUTOSHOW II, INC. is a corporation of the State of New York having its principal place of business at 5906 Church Ave., Brooklyn, NY 11203 and was organized on May 6, 2004.

5. KINGS AUTOSHOW, INC. is located on the corner of Kings Highway and Church Ave in Kings County, NY.

6. KINGS AUTOSHOW II, INC. is located one short block from Kings Highway in Kings County, NY.

7. KINGS NISSAN, INC. is corporation of the State of New York with a principal place of business in Kings County at 2758 Coney Island Avenue, Brooklyn, NY 11235.

8. On information and belief, prior to operating under the KINGS NISSAN name, Plaintiff operated under the name KINGS DATSUN.

9. New car dealerships typically include the name of the national brand in the name these dealerships use with the public.

10. NISSAN is a world famous mark recognized by consumers around the world.

11. KINGS NISSAN, INC. sells new NISSAN cars from its KINGS NISSAN dealership.

12. On information and belief, KINGS NISSAN, INC. also sells used cars from the same location as its new car dealership.

13. Consumers seeing the NISSAN name in the name of a dealership realize that they are dealing with a new car dealership, i.e., specifically a NISSAN dealership.

14. Consumers realize that NISSAN cars have a certain reputation.

15. A typical consumer knows the difference between a new car dealership and a used car dealer.

16. On information and belief, KINGS NISSAN, INC. was managed by Salvatore Trantino for many years.

17. On information and belief, KINGS NISSAN, INC. is currently being managed by Enrico Trantino, the son of Salvatore Trantino.

18. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. sell only used cars.

19. KINGS AUTOSHOW, INC. opened in about late 2000.

20. As part of its services, KINGS AUTOSHOW, INC. does repairs on many makes and models of automobiles.

21. Since about 2000, KINGS AUTOSHOW, INC. has purchased parts from KINGS NISSAN, INC.  In connection with these direct transactions, the parties exchanged normal business documentation, e.g. invoices, counter tickets, and checks, bearing their respective business names, KINGS NISSAN, INC. and KINGS AUTOSHOW, INC.

22.  KINGS NISSAN, INC. has known about KINGS AUTOSHOW, INC.'s use of "KINGS AUTOSHOW" and/or "KINGS AUTO SHOW" since late 2000 or early 2001.

23. When Salvatore Trantino managed KINGS NISSAN, INC., KINGS NISSAN, INC. and Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. did business peacefully.

24. KINGS NISSAN, INC. and KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. continue to do business with each other without any confusion or any likelihood of confusion between KINGS NISSAN and Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC.

25. On information and belief, KINGS NISSAN, INC. has no documents supporting its allegations of actual confusion between KINGS NISSAN and KINGS AUTOSHOW, INC.

26. On information and belief, KINGS NISSAN, INC. has no documents supporting its allegations of actual confusion between KINGS NISSAN and KINGS AUTOSHOW II, INC.

27. On information and belief, since 2000, there has not been a single instance of actual confusion between KINGS NISSAN, INC. and KINGS AUTOSHOW, INC.

28. On information and belief, since 2000, there has not been a single instance of actual confusion between KINGS NISSAN, INC. and KINGS AUTOSHOW II, INC.

29. Defendants, KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. are not aware of a single instance of actual confusion between either of them and KINGS NISSAN, INC.

30. There is no likelihood of confusion between KINGS NISSAN and KINGS AUTO SHOW or KINGS AUTOSHOW.

31. There is no likelihood of confusion between KINGS NISSAN and KINGS AUTO SHOW II or KINGS AUTOSHOWII.

## SECOND COUNTERCLAIM: INVALIDITY

32. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. repeat each and every allegation contained in paragraphs 1-31 of its Answer and Counterclaims and makes same a part hereof as if set forth at length.

33. KINGS NISSAN, INC. has used KINGS NISSAN as a single, unitary composite mark.

34. KINGS NISSAN, INC. continues to use KINGS NISSAN as a single, unitary composite mark in dealing with the consuming public.

35. KINGS NISSAN, INC. uses KINGS NISSAN to identify itself to the consuming public.

36. On information and belief, it has only been since Enrico Trantino has been managing KINGS NISSAN, INC., that KINGS NISSAN INC. started using the word KINGS by itself.

37.  On information and belief, it has only been in the last few years that KINGS NISSAN INC. has been using the word KINGS by itself.

38.  On information and belief, KINGS NISSAN INC.'s use of the word KINGS by itself has been limited.

39. KINGS NISSAN INC. still uses the single, unitary composite mark "KINGS NISSAN" prominently in its advertising and dealings with the public.

40. KINGS NISSAN, INC. uses the phone greeting "Thank you for calling Kings Nissan."

41. Any goodwill that may have built up over the years is associated with the single, unitary composite mark KINGS NISSAN, not the word KINGS (by itself).

42.  On information and belief, any goodwill associated with the single, unitary composite mark KINGS NISSAN is not owned by Plaintiff.

43. On information and belief, KINGS NISSAN, INC. started using KINGS by itself only after KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. had been using KINGS AUTO SHOW and KINGS AUTO SHOW II, respectively.

44. On information and belief, KINGS NISSAN, INC. did not use KINGS as a trademark since May 26, 1970 as alleged in KINGS NISSAN, INC's Federal Service Mark Application Serial No. 85/818,063.

45. On information and belief, KINGS NISSAN, INC. has intentionally made false representations to the United States Patent & Trademark Office regarding its use of KINGS.

46. On information and belief, KINGS NISSAN, INC. did not use KINGS as a trademark since May 26, 1970 as alleged in KINGS NISSAN, INC.'s New York State Service Mark Registration No. S22688.

47. On information and belief, KINGS NISSAN, INC. has intentionally made false representations to the New York State Department of State regarding its use of KINGS.

**THIRD COUNTERCLAIM: NY GBL §360-a(e)(2)**
**Geographically Descriptive Mark**

48. KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. repeat each and every allegation contained in paragraphs 1-47 of its Answer and Counterclaims and makes same a part hereof as if set forth at length.

49. On September 27, 2013, the New York State Department of State issued a Certificate of Service Mark Registration No. S22688 to KINGS NISSAN, INC., for the mark "Kings" used in connection with "New and Used Car Dealerships, Car Parts and Service and Auto Body repairs."

50. Pursuant to New York General Business Law § 360-a(e)(2), a service mark shall not be registered if it consists of a mark which "when used on or in

18

connection with goods or services of the applicant is primarily geographically descriptive."

51. KING NISSAN, INC.'s NY State Service Mark Registration No. S22688 for "Kings" was improperly issued and is not valid because "Kings" is primarily geographically descriptive of the Plaintiff's services which are provided in Kings county.

52. On information and belief, KINGS NISSAN, INC. made false statements in its application. Specifically, KINGS NISSAN, INC. did not use "Kings" as a trademark since 1970.

53. KINGS AUTOSHOW, INC, and KINGS AUTOSHOW II, INC. are entitled to an order declaring the NY State Service Mark Registration No. S22688 as invalid and canceling the registration.

WHEREFORE, Defendants/Counterclaim Plaintiffs KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. pray that this Court:

a)     Dismiss the Complaint with prejudice;

b)     Order, adjudge and decree that KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. have not and do not infringe any of KING NISSAN, INC.'s trademarks/ service marks.

c)     Order, adjudge and decree that KING NISSAN, INC.'s Federal Service Mark Application 85/818,063 for "Kings" be withdrawn.

     d)     Order, adjudge and decree that KING NISSAN, INC.'s New York State Service Mark Registration No. S22688 is invalid, or in the alternative order KINGS NISSAN, INC. to cancel this New York State Service Mark Registration.

     e)     Award KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. its costs, disbursements and attorneys' fees.

     f)     Grant KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: 4/8/14     By: _____

Daniel P. Burke (DB 1416)
DANIEL P. BURKE & ASSOCIATES, PLLC
240 Townsend Square
Oyster Bay, NY 11771
Tel.: 516-802-0560
Fax: 516-802-0562

Attorneys of Defendants,
KINGS AUTOSHOW, INC. and
KINGS AUTOSHOW II, INC.

20