UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KINGS NISSAN, INC.,

                Plaintiff,

-against-

KINGS AUTOSHOW, INC. and
KINGS AUTOSHOW II, INC.,

                Defendants.

Docket No. CV-13-1085 (WFK) (JO)

AMENDED ANSWER TO
COUNTERCLAIMS

Plaintiff, KINGS NISSAN, INC. (hereinafter "Plaintiff" and/or "Kings Nissan"), by its attorneys, TUTUNJIAN & BITETTO, P.C., answer the allegations contained in the Answer and Coutnerclaims filed by Defendants KINGS AUTOSHOW, INC. and KINGS AUTOSHOW II, INC. (hereinafter "Defendants") as follows:

### AS TO DEFENDANTS' FIRST COUNTERCLAIM

1. Plaintiff admits the allegations stated in paragraph 1 of Defendants' Counterclaims inasmuch as they recite the nature of Defendants' counterclaim, but deny Defendants' assertion of non-infringement.

2. Plaintiff denies the allegations in paragraph 2 of Defendants' Counterclaims that any controversy exists as to the validity of Plaintiff's trademarks, but admits that a controversy exists as to the Defendants' ongoing infringement of Plaintiff's trademarks, as stated in Plaintiff's complaint.

3. Plaintiff admits the allegations stated in paragraph 3 of Defendants' Counterclaims, but lacks information sufficient to form a belief as to the date of organization.

4. Plaintiff admits the allegations stated in paragraph 4 of Defendants' Counterclaims, but lacks information sufficient to form a belief as to the date of organization.

5. Plaintiff admits the allegations stated in paragraph 5 of Defendants' Counterclaims.

6. Plaintiff admits the allegations stated in paragraph 6 of Defendants' Counterclaims, but denies information sufficient to form a belief as to the length of the block in question.

7. Plaintiff admits the allegations stated in paragraph 7 of Defendants' Counterclaims.

8. Plaintiff admits the allegations stated in paragraph 8 of Defendants' Counterclaims.

9. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 9 of Defendants' Counterclaims regarding the behavior of other dealerships.

10. Plaintiff admits the allegations stated in paragraph 10 of Defendants' Counterclaims.

11. Plaintiff admits the allegations stated in paragraph 11 of Defendants' Counterclaims.

12. Plaintiff admits the allegations stated in paragraph 12 of Defendants' Counterclaims.

13. Plaintiff denies the allegations stated in paragraph 13 of Defendants' Counterclaims.

14. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 14 of Defendants' Counterclaims.

15. Plaintiff denies the allegations stated in paragraph 15 of Defendants' Counterclaims.

16. Plaintiff admits the allegations stated in paragraph 16 of Defendants' Counterclaims.

17. Plaintiff admits the allegations stated in paragraph 17 of Defendants' Counterclaims.

18. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 18 of Defendants' Counterclaims.

19. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 19 of Defendants' Counterclaims.

20. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 20 of Defendants' Counterclaims.

21. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 21 of Defendants' Counterclaims.

22. Plaintiff denies the allegations stated in paragraph 22 of Defendants' Counterclaims.

23. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 23 of Defendants' Counterclaims, in particular noting that it is not clear what is meant by doing "business peacefully."

24. Plaintiff denies the allegations stated in paragraph 24 of Defendants' Counterclaims with respect to the legal conclusion regarding likelihood of confusion.

25. Plaintiff admits the allegations stated in paragraph 25 of Defendants' Counterclaims.

26. Plaintiff admits the allegations stated in paragraph 26 of Defendants' Counterclaims.

27. Plaintiff denies the allegations stated in paragraph 27 of Defendants' Counterclaims.

28. Plaintiff denies the allegations stated in paragraph 28 of Defendants' Counterclaims.

29. Plaintiff lacks information sufficient to form a belief as to the allegations stated in paragraph 29 of Defendants' Counterclaims.

30. Plaintiff denies the allegations stated in paragraph 30 of Defendants' Counterclaims.

31. Plaintiff denies the allegations stated in paragraph 31 of Defendants' Counterclaims.

## AS TO DEFENDANTS' SECOND COUNTERCLAIM

32. Plaintiff incorporates by reference the responses of paragraphs 1 through 31 as being responsive to Defendants' repetition of the corresponding paragraphs of Defendants' Counterclaims.

33. Plaintiff admits the allegations stated in paragraph 33 of Defendants' Counterclaims insofar as Plaintiff uses "KINGS NISSAN", but denies that this represents a "single, unitary composite mark." Instead, "KINGS" is a mark representing Plaintiff and Plaintiff's services, while "NISSAN" represents the product that Plaintiff sells.

34. Plaintiff admits the allegations stated in paragraph 34 of Defendants' Counterclaims insofar as Plaintiff uses "KINGS NISSAN", but denies that this represents a "single, unitary composite mark." Instead, "KINGS" is a mark representing Plaintiff and Plaintiff's services, while "NISSAN" represents the product that Plaintiff sells.

35. Plaintiff admits the allegations stated in paragraph 35 of Defendants' Counterclaims.

36. Plaintiff denies the allegations stated in paragraph 36 of Defendants' Counterclaims.

37. Plaintiff denies the allegations stated in paragraph 37 of Defendants' Counterclaims.

38. Plaintiff denies the allegations stated in paragraph 38 of Defendants' Counterclaims.

39. Plaintiff admits the allegations stated in paragraph 39 of Defendants' Counterclaims insofar as Plaintiff uses "KINGS NISSAN", but denies that this represents a "single, unitary composite mark." Instead, "KINGS" is a mark representing Plaintiff and Plaintiff's services, while "NISSAN" represents the product that Plaintiff sells.

40. Plaintiff admits the allegations stated in paragraph 40 of Defendants' Counterclaims.

41. Plaintiff denies the allegations stated in paragraph 41 of Defendants' Counterclaims.

42. Plaintiff denies the allegations stated in paragraph 42 of Defendants' Counterclaims.

43. Plaintiff denies the allegations stated in paragraph 43 of Defendants' Counterclaims.

44. Plaintiff denies the allegations stated in paragraph 44 of Defendants' Counterclaims.

45. Plaintiff denies the allegations stated in paragraph 45 of Defendants' Counterclaims.

46. Plaintiff denies the allegations stated in paragraph 46 of Defendants' Counterclaims.

47. Plaintiff denies the allegations stated in paragraph 47 of Defendants' Counterclaims.

## AS TO DEFENDANTS' THIRD COUNTERCLAIM

48. Plaintiff incorporates by reference the responses of paragraphs 1 through 47 as being responsive to Defendants' repetition of the corresponding paragraphs of Defendants' Counterclaims.

49. Plaintiff admits the allegations stated in paragraph 49 of Defendants' Counterclaims.

50. Plaintiff admits the allegations stated in paragraph 50 of Defendants' Counterclaims in that it shows a partial quotation from the NY General Business Law, but denies the legal conclusion that this quotation means "a service mark shall not be registered."

51. Plaintiff denies the allegations stated in paragraph 51 of Defendants' Counterclaims.

52. Plaintiff denies the allegations stated in paragraph 52 of Defendants' Counterclaims.

53. Plaintiff denies the allegations stated in paragraph 53 of Defendants' Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

54. Plaintiff has acquired secondary meaning in the use of the "KINGS" mark.

## SECOND AFFIRMATIVE DEFENSE

55. Plaintiff is the senior user of the "KINGS" mark.

## THIRD AFFIRMATIVE DEFENSE

56. At least Defendants' Counterclaims, in whole or in part, fail to state a cause of action on which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

57. Defendants' use of the "KINGS" mark is identical to Plaintiff's legitimate use of their trademark.

### FIFTH AFFIRMATIVE DEFENSE

58. Defendants' use of the "KINGS" mark is likely to cause confusion with Plaintiff's legitimate use of their trademark.

### SIXTH AFFIRMATIVE DEFENSE

59. The S22328 NYS trademark is valid and was obtained in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

60. The "KINGS" mark has become distinctive of Plaintiff's services.

WHEREFORE, Plaintiff respectfully requests that the Counterclaims be dismissed, with prejudice.

This the 22nd day of April, 2014.

*/s/ Ed Ryan*
Edward P. Ryan (ER6661)
Tutunjian & Bitetto, P.C.
*Attorneys for Plaintiffs*
425 Broadhollow Rd., Suite 302
Melville, NY 11747
(631) 844-0080
edr@tb-iplaw.com